UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-00521-JLS-SHK　　　　　　　　　　　　　　　　Date: April 07, 2023
Title: Valley Forge Insurance Company v. Wesco Insurance Company

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

　V.R. Vallery　　　　　　　　　　　　　　　　N/A
　Deputy Clerk　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

　　　Not Present　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

　　　Plaintiff Valley Forge Insurance Company filed this action in Riverside County Superior Court on February 15, 2023, asserting claims for declaratory judgment, equitable contribution, and equitable subrogation.  (*See* Compl., Doc 1-1.)  Defendant Wesco Insurance Company ("Wesco") removed to this Court on March 24, 2023, asserting diversity jurisdiction.  (Notice of Removal ("NOR"), Doc. 1.)

　　　"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As the party invoking federal jurisdiction, Wesco has the burden of establishing that this case lies within the Court's limited jurisdiction.  *See id.*  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]"  *Id.* § 1332(c)(1).  Here, Wesco asserts that Plaintiff is a citizen of Pennsylvania and Illinois, and that Wesco is a citizen of Delaware and New York, which is sufficient for diversity.  (NOR ¶¶ 5-6.)

　　　As to the amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Here, Wesco states that "Plaintiff seeks in excess of $75,000.00 from Defendant."  (NOR ¶ 7.)  It further asserts that "Plaintiff seeks to recover the amount it paid, in part or in full" to defend itself and to settle an underlying negligence/premises action.  (*Id.*)  However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-00521-JLS-SHK                                                               Date: April 07, 2023
Title: Valley Forge Insurance Company v. Wesco Insurance Company

Wesco includes no other information about what amount Plaintiff seeks or any facts to plausibly demonstrate that that amount exceeds $75,000.

      Accordingly, Wesco is ORDERED to show cause, in writing (no longer than five (5) pages), **within seven (7) days of the date of this Order**, why the Court should not remand this action for lack of subject matter jurisdiction. Failure to timely respond will result in the immediate remand of the case.

                                                  Initials of Preparer:  vrv